**UNPUForbidden**

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 13-4353**

―――――――

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　　v.

CURTIS LAMONTE GRAY,

　　　　　Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (1:99-cr-00298-JAB-1)

―――――――

Submitted:  December 26, 2013　　　Decided:  January 8, 2014

―――――――

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Lamonte Gray appeals the district court's order revoking his supervised release and sentencing him to sixty months' imprisonment. Gray argues that his revocation sentence is procedurally unreasonable because the district court created an unwarranted sentencing disparity when it failed to take into account that Gray was sentenced for the original offense before the effective date of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, and thus did not receive a similar sentence to those individuals who committed the same offense but were sentenced after the FSA. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if the sentence is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is "plainly unreasonable," the court first assesses the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that [it] employ[s] in [its] review of original sentences[.]" Id. at 438.

A revocation sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter Seven of the Guidelines. Id. A revocation sentence is

2

substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Id. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." Id. at 439.

Gray argues that the district court erred in calculating his Guidelines range by failing to take into account that he was sentenced prior to the enactment of the FSA, which would have lowered the grade of his original felony conviction, and thus lowered his Guidelines sentencing range. Therefore, Gray contends that he received a disparate sentence from other offenders who committed the same offense but were sentenced with the benefit of the FSA. This court has held that the FSA is not retroactively applicable to offenders, like Gray, whose sentencing pre-dated the effective date of the statute. United States v. Bullard, 645 F.3d 237, 248-49 (4th Cir. 2011) ("We agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such intent be inferred from its language."). Thus, we conclude the FSA had no bearing on Gray's Guidelines range. As to the substantive reasonableness of Gray's sentence, we have examined the transcript of the sentencing hearing and conclude that the district court's statements adequately support the

3

sentence it imposed. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED